UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DAVID LAWRENCE WEIRICH,

                    Plaintiff,

          v.

BOARD OF GOVERNORS OF THE
FEDERAL RESERVE SYSTEM,

                    Defendant.

NO. CV-10-5031-EFS

**ORDER HOLDING IN ABEYANCE
DEFENDANT'S MOTION TO DISMISS
AND ORDERING SUPPLEMENTAL
BRIEFING**

Before the Court, without oral argument, is Defendant Board of Governors of the Federal Reserve System's ("the Board") Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 9). Having reviewed the submitted materials and relevant authority, the Court is fully informed. For the reasons set forth below, the Court holds in abeyance the Board's motion and requires the Board file supplemental briefing.

## I. Background

In August 2009 and during the global economic crisis, Plaintiff David Weirich sent three emails to the Board under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 seeking information on the Board's

ORDER * 1

involvement in extending loans to a number of businesses and industries, including several of the world's largest investment banks.

On August 2, 2009, Mr. Weirich sent an email to the Board's Freedom of Information Office ("FOI Office") seeking:

> any documents of meetings held by, or discussions between, any members of the Federal Reserve concerning why emergency funds were given to commercial banks which were nearly insolvent, instead of requesting the FDIC to intervene near the point of insolvency, as required by Section 11 of the Federal Deposit Insurance Act.

(ECF No. 10-1, Ex. A.)  On August 4, 2009, the FOI Office acknowledged Mr. Weirich's letter, *id*. Ex. B, and on September 1, 2009, sent an extension letter in accordance with FOIA § 552(a)(6)(B)(i), informing Mr. Weirich that an additional ten days would be required to respond, *id*. Ex. C.

On September 15, 2009, Mr. Weirich sent a second email to the FOI Office seeking:

> (a) Federal Reserve standards pertaining to the extension of credit in real estate loans by member banks.  Per 12 U.S.C. section 1828(o)(2)(A)(i), Federal banking agencies shall consider 'the risk posed to the Deposit Insurance Fund by such extensions of credit;'
>
> (b) Federal Reserve standards of member banks in purchasing real estate loans from other banks, savings associations or any other financial institutions.  This is one of the key issues in the 'toxic asset' problem, where member banks purchase the loans of other banks and receive the loan proceeds.  Once member banks have purchased such real estate loans, this is essentially the same as the member banks extending the credit initially (since the banks receive the proceeds of the real estate loans following the purchase), and such purchases should therefore be regulated in the same manner as extension of credit is regulated per 12 U.S.C. section 1828(o)(2)(A)(i);
>
> (c) Where in U.S. Code the Federal Reserve is tasked with maintaining a market for the purchase and sale of real estate loans.  Although member banks are authorized to purchase and sell real estate loans, I fail to see in the code where the Federal Reserve is given authority to maintain and/or subsidize such market in the event of a downturn in such market; and

(d) Any meetings of any members of the Federal Reserve regarding regulating the purchase and sale of real estate loans by member banks. Although such purchase and sale is permitted under Title 12, it is curious that a member bank should want to sell its loans unless the bank has a short-term liquidity problem; after all, should not the primary business of banks be in providing deposits and managing loans, not in selling loans for profit?

*Id.* Ex. E. On September 16, 2009, the FOI Office acknowledged Mr. Weirich's letter, *id.* Ex. F, and on October 14, 2009, sent a ten-day extension letter, *id.* Ex. G.

On November 2, 2009, Mr. Weirich sent a third email seeking:

[a]ny documents showing any discussion/debate any member of the Federal Reserve may have had from August 2008 onward concerning whether or not it was appropriate for the Federal Reserve to bail out firms such as AIG and JP Morgan/Bear Stearns, instead of allowing such firms to settle their troubles in Chapter 11 bankruptcy.

*Id.* Ex. I. On November 10, 2009, the FOI Office acknowledged Mr. Weirich's letter, *id.* Ex. J, and on December 2, 2009, sent a ten-day extension letter, *id.* Ex. G.

After reviewing Mr. Weirich's requests and consulting with staff, the FOI Office concluded that, with the exception of items (a) and (b) of Mr. Weirich's September 15, 2009 request, Mr. Weirich's requests were not specific enough to allow staff to process them without unduly burdening or significantly interfering with the Board's operations. *Id.* Exs. D, H, L.

In the meantime, Mr. Weirich filed this action, seeking a Court order requiring the Board to respond to his FOIA requests. (ECF No. 1.) In his March 23, 2010 Complaint, Mr. Weirich alleges that the Board's failure to respond to his requests within the ten-day extension period violated 5 U.S.C. § 552 and 12 C.F.R. § 261. He further claims that he:

ORDER * 3

1) telephoned the FOI Office to receive an update on his FOIA requests,
2) informed the Office of Inspector General of the Board's failure to
comply, and (3) requested assistance from Senator Maria Cantwell. *Id.*
at 3.

But it was not until after the ten-day extensions had expired that
the Board finally responded. By three letters dated April 20, 2010, the
Board sought clarification on Mr. Weirich's August 2 and November 2, 2009
requests. It also responded to items (a) and (b) of his September 15,
2009 request,[1] noted that (c) was not a proper FOIA request, and sought
clarification on (d). *Id.* Ex. D, H, L. In each of these letters, the
Board advised Mr. Weirich that a FOIA request "must reasonably describe
the records in a way that enables the Board's staff to identify and
produce the records with reasonable effort and without unduly burdening
or significantly interfering with any of the board's operations," and
that Mr. Weirich's request, as written, was too vague to process. *Id.*
The letters asked Mr. Weirich to revise his requests by May 18, 2010, or
they would be closed. *Id.* Mr. Weirich did not respond to the Board's
requests for clarification, and the FOI Office administratively closed
all three of Mr. Weirich's requests. On August 26, 2010, the Board filed
the motion under consideration.

---

[1] In responding to items (a) and (b), the Board by identified
twenty-eight (28) references to websites providing information on
"Federal Reserve standards pertaining to extension of credit in real
estate loans by member banks" and "Federal Reserve standards of member
banks in purchasing real estate loans from other banks, savings
associations or any other financial institutions." *Id.* Ex. H.

## II. Discussion

The Board moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss the action for lack of subject-matter jurisdiction because Mr. Weirich failed to exhaust his administrative remedies.  Mr. Weirich did not respond.[2]  Because the Court finds Mr. Weirich did not fail to exhaust his administrative remedies, the Board's motion is denied.

**A.  Standard**

Under Federal Rule of Civil Procedure 12(b)(1), the defense of lack of subject-matter jurisdiction must be asserted either by answer or by motion.  If by motion, Rule 12(b) states that such a motion "must be made *before pleading* if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b) (emphasis added).  In this case, the Board filed its Rule 12(b)(1) motion to dismiss *after* asserting the affirmative defense of lack of subject-matter jurisdiction in its Answer (ECF No. 7).[3]

Courts are split as to whether a Rule 12(b)(1) motion, which is commonly referred to as a "pre-answer" motion, is the proper procedural vehicle for attacking subject-matter jurisdiction *after* an answer has been filed.  Several courts have allowed post-answer motions to dismiss

---

[2] Failure to respond constitutes consent to an adverse order.  LR 7.1(e).

[3] Because the Board asserted the affirmative defense of failure to exhaust administrative remedies, which the Court construes as a lack-of-subject-matter-jurisdiction defense, in its Answer, that defense was not waived.  Fed. R. Civ. P. 12(h)(1) (recognizing that a party waives the defense of lack of subject-matter jurisdiction if it does not assert that defense in its answer or by pre-answer motion).

ORDER * 5

based on grounds asserted as defenses in the answer. *See Telesca v. Long Island Hous. P'ship*, 443 F. Supp. 2d 397, 405 (E.D.N.Y. 2006); *Molnlycke Health Care AB v. Dumex Med. Surgical Prods. Ltd.*, 64 F. Supp. 2d 448, 449 n.1 (E.D. Pa. 1999). Other courts insist that post-answer Rule 12(b) motions to dismiss are untimely. *See Augustine v. United States*, 704 F.2d 1074, 1075 n.3 (9th Cir. 1983); *Byrne v. Nezhat*, 261 F.3d 1075, 1093 n.35 (11th Cir. 2001). Here, the Court recognizes that the Board's motion is "properly before the court as a Rule 12(h)(3) suggestion of lack of subject matter jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1075 n.3 (9th Cir. 1983).

Courts may rely upon declarations or other evidence and "resolve factual disputes where necessary." *Id*. (quoting *Augustine*, 704 F.2d at 1077). And although normally "[n]o presumptive truthfulness attaches to the plaintiff's allegations," *id*., if the motion is resolved on declarations alone and without an evidentiary hearing, the complaint's factual allegations must be accepted as true. *McLachlan v. Bell*, 261 F.3d 908, 909 (9th Cir. 2001). But "[a] court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." *Islands, Inc. v. U.S. Bureau of Reclamation*, 64 F. Supp. 2d 966, 968 (E.D. Cal. 1999), *vacated on other grounds*, 2001 WL 503478 (9th Cir. 2001).

Here, the Board's motion to dismiss the FOIA claims involves jurisdictional questions that are intertwined with the merits. Yet, these questions do not involve resolution of factual questions going to the merits and thus the motion need not be treated as a summary judgment

1  motion.  *See Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.*, 711 F.2d
2  138, 139 (9th Cir. 1983).

3  **B.  Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

4       Under the FOIA, the district court "has jurisdiction to enjoin the
5  agency from withholding agency records and to order the production of any
6  agency records improperly withheld from the complainant."  5 U.S.C. §
7  552(a)(4)(B).  But before a party can seek judicial review, it must
8  exhaust its administrative remedies under the FOIA.  *In re Steele*, 799
9  F.2d 461, 465 (9th Cir. 1986).  If it does not, the district court lacks
10  subject-matter jurisdiction over the FOIA lawsuit.  *Id.* at 466; *see also*
11  *Hymen v. Merit Sys. Prot. Bd.*, 799 F.2d 1421, 1423 (9th Cir. 1986)
12  (overruled on other grounds) (finding "[t]he district court . . .
13  properly dismissed the FOIA claims for lack of subject matter
14  jurisdiction" where the requester failed to exhaust).  A requester fails
15  to exhaust her administrative remedies if he submits an improper FOIA
16  request.  *Marks v. U.S. Dep't of Justice*, 578 F.2d 261, 263 (9th Cir.
17  1978).

18       The Board alleges that Mr. Weirich's request was improper and, thus,
19  he failed to exhaust his administrative remedies thereby depriving this
20  Court of subject-matter jurisdiction over his FOIA claim.  A proper FOIA
21  request must "reasonably describe[]" the records sought and must be "made
22  in accordance with published rules stating the time, place, fees (if any)
23  and procedures to be followed . . . ."  5 U.S.C. § 552(a)(3)(A).  The
24  Board's regulations similarly require requests to "reasonably describe
25  the records in a way that enables the Board's staff to identify and
26  produce the records with reasonable effort and without unduly burdening
    or significantly interfering with any of the Board's operations."  12

ORDER * 7

C.F.R. § 261.12(b). Those regulations also provide: "The Board need not accept or process a request that does not reasonably describe the records requested or that does not otherwise comply with the requirements of this section. The Board may return a defective request, specifying the deficiency." *Id.*

Here, the Court recognizes that Mr. Weirich's August 2, 2009 and November 2, 2009 requests and items (c) and (d) of his September 15, 2009 request do not reasonably describe the records sought. Not only do they lack specificity, but they would unduly burden the FOI Office and significantly interfere with the Board's operations. Yet despite Mr. Weirich's non-compliance with FOIA, it appears that Mr. Weirich has not failed to exhaust his administrative remedies. Under the FOIA, if the agency fails to comply with FOIA's time limits in responding to a request, the requester is deemed to have exhausted its administrative remedies with respect to that request. 5 U.S.C. § 552(a)(6)(C)(i).

Here, the Board failed to timely comply. Within twenty working days of receipt of Mr. Weirich's requests, the Board was required to immediately notify Mr. Weirich whether it intended to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). The Board's August 4, September 16, and November 10, 2009 acknowledgment letters simply acknowledged receipt of Mr. Weirich's request; they did not indicate when or whether the Board would respond to his request. Shortly thereafter, the Board complied with 5 U.S.C. § 552(a)(6)(B)(i) when it notified Mr. Weirich that it was extending the time period for response for ten days to consult with another agency due to the unusual circumstances of the request. However, the Board fell out of compliance with FOIA's time limits when it did not notify Mr. Weirich that his request could not be

ORDER * 8

processed within the time limit.  Under 5 U.S.C. § 552(a)(6)(B)(ii), the Board was required to 1) notify Mr. Weirich that his request could not be processed within the ten-day extension, and 2) allow him to either limit his request so that it could be processed within the time limit or arrange for an alternative time frame.  The Board did not contact Mr. Weirich until April 20, 2010, after the time for response had expired and after the instant action had been filed.

Even if unusual circumstances existed which would have made responding to Mr. Weirich's request particularly difficult, the Board did not comply with the FOIA's statutory time requirements.  And because under FOIA a requester is deemed to have exhausted his administrative remedies if the agency does not comply with time limits, Mr. Weirich appears to have exhausted his administrative remedies and appropriately filed this action to enjoin the Board from withholding the records.

**NO LATER THAN November 9, 2010**, the Board shall file written argument not to exceed ten (10) pages demonstrating why, given the Board's apparent non-compliance with the FOIA's statutory time requirements, this case should be dismissed for lack of subject-matter jurisdiction.

## IV.  Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED:**

1.  Defendant Board of Governors of the Federal Reserve System's Motion to Dismiss for Lack of Subject Matter Jurisdiction **(ECF No. 9)** is **HELD IN ABEYANCE.**

2.  **NO LATER THAN November 9, 2010**, the Board shall file written argument not to exceed ten (10) pages demonstrating why, given the Board's apparent non-compliance with the FOIA's statutory time

ORDER * 9

1    requirements, this case should be dismissed for lack of subject-matter

2    jurisdiction.

3        **IT IS SO ORDERED.**  The District Court Executive is directed to enter

4    this Order and to distribute copies to Plaintiff and counsel.

5        **DATED** this _____2nd_____ day of November 2010.

6

7                              S/ Edward F. Shea
                              EDWARD F. SHEA
8                         United States District Judge

9    Q:\Civil\2010\5031.Dismiss.Defendant.Show.Cause.wpd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER * 10