UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DAVID LAWRENCE WEIRICH,

                    Plaintiff,

          v.

BOARD OF GOVERNORS OF THE
FEDERAL RESERVE SYSTEM,

                    Defendant.

NO. CV-10-5031-EFS

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS**

     Before the Court, without oral argument, is Defendant Board of
Governors of the Federal Reserve System's ("the Board") Motion to Dismiss
for Lack of Subject Matter Jurisdiction (ECF No. 9), filed August 26,
2010.  In its November 2, 2010 Order, the Court held the Board's motion
in abeyance, requiring the Board to file written argument demonstrating
why, given the Board's apparent non-compliance with the FOIA's statutory
time requirements, the case should be dismissed for lack of subject-
matter jurisdiction.  Having reviewed the supplemental materials and
relevant authority, the Court is fully informed.  For the reasons set
forth below, the Court grants the Board's motion.

### I. Background

     In August 2008 and during the global economic crisis, Plaintiff
David Weirich sent three emails to the Board under the Freedom of
Information Act (FOIA), 5 U.S.C. § 552 seeking information on the Board's

ORDER * 1

involvement in extending loans to a number of businesses and industries, including several of the world's largest investment banks.

On August 2, 2009, Mr. Weirich sent an email to the Board's Freedom of Information Office ("FOI Office") seeking:

> any documents of meetings held by, or discussions between, any members of the Federal Reserve concerning why emergency funds were given to commercial banks which were nearly insolvent, instead of requesting the FDIC to intervene near the point of insolvency, as required by Section 11 of the Federal Deposit Insurance Act.

(ECF No. 10-1, Ex. A.)  On August 4, 2009, the FOI Office acknowledged Mr. Weirich's letter, *id*. Ex. B, and on September 1, 2009, sent an extension letter in accordance with FOIA § 552(a)(6)(B)(i), informing Mr. Weirich that an additional ten days would be required to respond, *id*. Ex. C.

On September 15, 2009, Mr. Weirich sent a second email to the FOI Office seeking:

> (a) Federal Reserve standards pertaining to the extension of credit in real estate loans by member banks.  Per 12 U.S.C. section 1828(o)(2)(A)(i), Federal banking agencies shall consider 'the risk posed to the Deposit Insurance Fund by such extensions of credit;'
>
> (b) Federal Reserve standards of member banks in purchasing real estate loans from other banks, savings associations or any other financial institutions.  This is one of the key issues in the 'toxic asset' problem, where member banks purchase the loans of other banks and receive the loan proceeds.  Once member banks have purchased such real estate loans, this is essentially the same as the member banks extending the credit initially (since the banks receive the proceeds of the real estate loans following the purchase), and such purchases should therefore be regulated in the same manner as extension of credit is regulated per 12 U.S.C. section 1828(o)(2)(A)(i);
>
> (c) Where in U.S. Code the Federal Reserve is tasked with maintaining a market for the purchase and sale of real estate loans.  Although member banks are authorized to purchase and sell real estate loans, I fail to see in the code where the Federal Reserve is given authority to maintain and/or subsidize such market in the event of a downturn in such market; and

ORDER * 2

> (d) Any meetings of any members of the Federal Reserve regarding regulating the purchase and sale of real estate loans by member banks. Although such purchase and sale is permitted under Title 12, it is curious that a member bank should want to sell its loans unless the bank has a short-term liquidity problem; after all, should not the primary business of banks be in providing deposits and managing loans, not in selling loans for profit?

*Id*. Ex. E.   On September 16, 2009, the FOI Office acknowledged Mr. Weirich's letter, *id*. Ex. F, and on October 14, 2009, sent a ten-day extension letter, *id*. Ex. G.

On November 2, 2009, Mr. Weirich sent a third email seeking:

> [a]ny documents showing any discussion/debate any member of the Federal Reserve may have had from August 2008 onward concerning whether or not it was appropriate for the Federal Reserve to bail out firms such as AIG and JP Morgan/Bear Stearns, instead of allowing such firms to settle their troubles in Chapter 11 bankruptcy.

*Id*. Ex. I.   On November 10, 2009, the FOI Office acknowledged Mr. Weirich's letter, *id*. Ex. J, and on December 2, 2009, sent a ten-day extension letter, *id*. Ex. G.

After reviewing Mr. Weirich's requests and consulting with staff, the FOI Office concluded that, with the exception of items (a) and (b) of Mr. Weirich's September 15, 2009 request, Mr. Weirich's requests were not specific enough to allow staff to process them without unduly burdening or significantly interfering with the Board's operations. *Id*. Exs. D, H, L.

In the meantime, Mr. Weirich filed this action, seeking a Court order requiring the Board to respond to his FOIA requests. (ECF No. 1.) In his March 23, 2010 Complaint, Mr. Weirich alleges that the Board's failure to respond to his requests within the ten-day extension period violated 5 U.S.C. § 552 and 12 C.F.R. § 261. He further claims that he:

ORDER * 3

1) telephoned the FOI Office to receive an update on his FOIA requests,
2) informed the Office of Inspector General of the Board's failure to
comply, and (3) requested assistance from Senator Maria Cantwell.  *Id.*
at 3.

But it was not until after the ten-day extensions had expired that
the Board finally responded.  By three letters dated April 20, 2010, the
Board sought clarification on Mr. Weirich's August 2 and November 2, 2009
requests.  It also responded to items (a) and (b) of his September 15,
2009 request,[1] noted that (c) was not a proper FOIA request, and sought
clarification on (d).  *Id.* Ex. D, H, L.  In each of these letters, the
Board advised Mr. Weirich that a FOIA request "must reasonably describe
the records in a way that enables the Board's staff to identify and
produce the records with reasonable effort and without unduly burdening
or significantly interfering with any of the board's operations," and
that Mr. Weirich's request, as written, was too vague to process.  *Id.*
The letters asked Mr. Weirich to revise his requests by May 18, 2010, or
they would be closed.  *Id.*  Mr. Weirich did not respond to the Board's
requests for clarification, and the FOI Office administratively closed
all three of Mr. Weirich's requests.

## II. Discussion

---

[1] In responding to items (a) and (b), the Board by identified
twenty-eight (28) references to websites providing information on
"Federal Reserve standards pertaining to extension of credit in real
estate loans by member banks" and "Federal Reserve standards of member
banks in purchasing real estate loans from other banks, savings
associations or any other financial institutions."  *Id.* Ex. H.

ORDER * 4

The Board moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss the action for lack of subject-matter jurisdiction because Mr. Weirich failed to exhaust his administrative remedies.   Mr. Weirich did not respond.[2]   Because the Court finds Mr. Weirich failed to exhaust his administrative remedies, the Board's motion is granted.

The plaintiff bears the burden of proving the existence of subject-matter jurisdiction.   *Stock West, Inc. V. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).   When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1),[3] courts may rely

---

[2] Failure to respond constitutes consent to an adverse order.   LR 7.1(e).

[3] Under Rule 12(b)(1), the defense of lack of subject-matter jurisdiction must be asserted either by answer or by motion.   If by motion, Rule 12(b) states that such a motion "must be made *before pleading* if a responsive pleading is allowed."   Fed. R. Civ. P. 12(b) (emphasis added).   In this case, the Board filed its Rule 12(b)(1) motion to dismiss *after* asserting the affirmative defense of lack of subject-matter jurisdiction in its Answer (ECF No. 7).

Courts are split as to whether a Rule 12(b)(1) motion, which is commonly referred to as a "pre-answer" motion, is the proper procedural vehicle for attacking subject-matter jurisdiction *after* an answer has been filed.   Several courts have allowed post-answer motions to dismiss based on grounds asserted as defenses in the answer.   *See Telesca v. Long Island Hous. P'ship*, 443 F. Supp. 2d 397, 405 (E.D.N.Y. 2006); *Molnlycke Health Care AB v. Dumex Med. Surgical Prods. Ltd.*, 64 F. Supp. 2d 448,

ORDER * 5

upon declarations or other evidence and "resolve factual disputes where necessary." *Id.* (quoting *Augustine*, 704 F.2d at 1077).  And although normally "[n]o presumptive truthfulness attaches to the plaintiff's allegations," *id.*, if the motion is resolved on declarations alone and without an evidentiary hearing, the complaint's factual allegations must be accepted as true.  *McLachlan v. Bell*, 261 F.3d 908, 909 (9th Cir. 2001).  But "[a] court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case."  *Islands, Inc. v. U.S. Bur. of Reclamation*, 64 F. Supp. 2d 966, 968 (E.D. Cal. 1999), *vacated on other grounds*, 2001 WL 503478 (9th Cir. 2001).

Here, the Board's motion to dismiss the FOIA claims involves jurisdictional questions that are intertwined with the merits.  Yet, these questions do not involve resolution of factual questions going to the merits and thus the motion need not be treated as a summary judgment motion.  *See Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.*, 711 F.2d 138, 139 (9th Cir. 1983).

Under the FOIA, the district court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any

_____

449 n.1 (E.D. Pa. 1999).  Other courts insist that post-answer Rule 12(b) motions to dismiss are untimely.  *See Augustine v. United States*, 704 F.2d 1074, 1075 n.3 (9th Cir. 1983); *Byrne v. Nezhat*, 261 F.3d 1075, 1093 n.35 (11th Cir. 2001).  Here, the Court recognizes that the Board's motion is "properly before the court as a Rule 12(h)(3) suggestion of lack of subject matter jurisdiction." *Augustine*, 704 F.2d at 1075 n.3.

ORDER * 6

agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). But before a party can seek judicial review, it must exhaust its administrative remedies under the FOIA. *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986). If it does not, the district court lacks subject-matter jurisdiction over the FOIA lawsuit. *Id.* at 466; *see also Hymen v. Merit Sys. Prot. Bd.*, 799 F.2d 1421, 1423 (9th Cir. 1986), *overruled on other grounds by*, *Cooper v. U.S. Postal Serv.*, 740 F.2d 714 (9th Cir. 1984), *cert. denied*, 471 U.S. 1022, 105 (1985) (finding "[t]he district court . . . properly dismissed the FOIA claims for lack of subject matter jurisdiction" where the requester failed to exhaust). A requester fails to exhaust her administrative remedies if he submits an improper FOIA request. *Marks v. U.S. Dep't of Justice*, 578 F.2d 261, 263 (9th Cir. 1978).

The Board alleges that Mr. Weirich's request was improper and, thus, he failed to exhaust his administrative remedies thereby depriving this Court of subject-matter jurisdiction over his FOIA claim. A proper FOIA request must "reasonably describe[]" the records sought and must be "made in accordance with published rules stating the time, place, fees (if any) and procedures to be followed . . . ." 5 U.S.C. § 552(a)(3)(A). The Board's regulations similarly require requests to "reasonably describe the records in a way that enables the Board's staff to identify and produce the records with reasonable effort and without unduly burdening or significantly interfering with any of the Board's operations." 12 C.F.R. § 261.12(b). Those regulations also provide: "The Board need not accept or process a request that does not reasonably describe the records requested or that does not otherwise comply with the requirements of this

ORDER * 7

section.   The Board may return a defective request, specifying the deficiency."  *Id.*

Here, Mr. Weirich's August 2, 2009 and November 2, 2009 requests and items (c) and (d) of his September 15, 2009 request do not reasonably describe the records sought.   The August 2, 2009 request seeks "any documents of meetings held by, or discussions between, any members of the Federal Reserve concerning why emergency funds were given to commercial banks which were nearly insolvent, instead of requesting the FDIC to intervene near the point of insolvency." (ECF No. 10-1, Ex. A.)   Mr. Weirich fails to reasonably describe the "documents" and "members" to which he refers.   Nor does he specify what is meant by "emergency funds" and "commercial banks which were nearly insolvent."   Without clarification, the Board could not respond to Mr. Weirich's request without producing thousands of documents, which would significantly interfere with the Board's operations.

As to the September 15, 2009 request, the Board responded in full to items (a) and (b) by sending Mr. Weirich a list of twenty-eight (28) references to websites providing information on the resources sought. And the remaining requests, items (c) and (d), were improper. Item (c) does not seek FOIA documentation, but rather "poses a question about a publicly available resource," which is not a proper FOIA request.   *Id.* at Ex. E; *see Zemansky v. EPA*, 767 F.2d 569, 574 (9th Cir. 1985) ("the [agency] has no duty [under FOIA] either to answer questions unrelated to document requests or to create documents.").   Item (d), which seeks "[a]ny meetings of any members of the Federal Reserve regulating the purchase and sale of real estate loans by member banks," lacks

specificity.   Production of *all* documents pertaining to *all* meetings between *all* members of the Board would be unduly burdensome.  (ECF No. 10-1, Ex. E.)

Finally, Mr. Weirich's November 2, 2009 request for "[a]ny documents showing any discussion/debate any member of the Federal reserve may have had from August 2008 onward" concerning the Federal Reserve's bailout of investment firms neither reasonably describes the records sought nor allows the Board to respond to that request without producing thousands of documents.  Thus, not only do they lack specificity, but Mr. Weirich's requests would unduly burden the FOI Office and significantly interfere with the Board's operations.

After reviewing the Board's supplemental authority, the Court is satisfied that Mr. Weirich has failed to exhaust his administrative remedies even though the Board did not seek clarification from Mr. Weirich until April 20, 2010, after Mr. Weirich had filed his lawsuit. The statutory time limits for an agency's response are not triggered until a *proper* FOIA request is received.  *See Lewis v. U.S. Dep't of Justice*, --- F. Supp. 2d ---, 2010 WL 3271283 (D.D.C. Aug. 19, 2010) ("[A]n agency is under no obligation to respond until it has received a proper FOIA request in compliance with its published regulations[.]" (internal citations omitted) (citing *Thomas v. FCC*, 534 F. Supp. 2d 144, 146 (D.D.C. 2008))); *Latham v. U.S. Dep't of Justice*, 658 F. Supp. 2d 155, 157-58 (D.D.C. 2009) (dismissing for failure to exhaust where FOIA request did not reasonably describe records sought even though "as of the filing of this action, [plaintiff] had received no response from the DEA").

Because the Court concludes that Mr. Weirich has not submitted a proper FOIA request, the Board was under no obligation to adhere to the statutory time requirements and Mr. Weirich failed to exhaust his administrative remedies.  And because Mr. Weirich did not timely respond to the Board's motion or supplemental authority, the Court may assume he consents to dismissal.[4]  LR 7.1(e).  Accordingly, this case is dismissed for lack of subject-matter jurisdiction.

**IV.  Conclusion**

For the foregoing reasons, **IT IS HEREBY ORDERED:**

1.  Defendant Board of Governors of the Federal Reserve System's Motion to Dismiss for Lack of Subject Matter Jurisdiction **(ECF No. 9)** is **GRANTED**.   Plaintiffs' Complaint **(ECF No. 1)** is **DISMISSED without prejudice**.

2.  **Judgment** is to be entered in favor of Board of Governors of the Federal Reserve System.

3.  This file shall be **CLOSED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and to distribute copies to Plaintiff and counsel.

**DATED** this ____15th____ day of November 2010.


_____       S/ Edward F. Shea
                       EDWARD F. SHEA
                United States District Judge

Q:\Civil\2010\5031.Dismiss.wpd

---

[4] On August 26, 2010, the Court notified Mr. Weirich, as a pro se litigant, that his "failure to file a response [would] constitute [his] consent to the Court, granting the motion."  (ECF No. 12.)

ORDER * 10